UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

MONISHA RHODES

Case No. 1:21-cr-00258-JMS-TAB-1

ORDER     ON     MOTION     FOR
SENTENCE  REDUCTION  UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00258-JMS-TAB |
| | ) | |
| MONISHA RHODES, | ) | -1 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Monisha Rhodes has filed a motion seeking compassionate release under § 603

of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 57. In addition,

Ms. Rhodes has asked the Court for the appointment of counsel. *Id.* at 6. Thereafter, Ms. Rhodes

filed a motion for leave to file a supplemental reply. Dkt. 69. For the reasons explained below, her

motions for compassionate release and the appointment of counsel are **DENIED**, and her motion

for leave to file a supplemental reply is **GRANTED**.

## I.
## Background

In January 2023, Ms. Rhodes pled guilty to one count of possession with intent to distribute

400 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1). Dkt. 51 at 1. Ms. Rhodes also

admitted to two violations of a supervised release term that she was serving at the time. *United

States v. Rhodes*, 1:19-cr-00163-JMS-TAB-1, dkt. 96. In July 2021, an Indiana State Police

Trooper conducted a traffic stop on a vehicle driven by Rhodes. Dkt. 38 at 8. Following the stop,

Ms. Rhodes was placed under arrest, and two plastic bags containing 59 grams of fentanyl were

removed from her underwear area. *Id.* at 9. Ms. Rhodes stated that she was on her way to meet a

customer who she anticipated selling the fentanyl to for $3700. *Id.* Rhodes was also found to possess another 409 grams of fentanyl in a safe located in a storage unit. *Id.* at 10.

With regard to her newer case, Ms. Rhodes faced a guidelines range of 151 to 188 months of imprisonment. Dkt. 44 at 26. The Court sentenced her to 120 months of imprisonment to be served consecutively to a 24-month sentence imposed on the supervised release violation in case number 1:19-cr-00163-JMS-TAB-1, followed by 5 years of supervised release. Dkt 51 at 2–3. The Bureau of Prisons ("BOP") currently reports Ms. Rhodes' anticipated release date (with good-conduct time included) as October 3, 2031. https://www.bop.gov/inmateloc/ (last visited August 16, 2024).

Ms. Rhodes has filed a motion for compassionate release *pro se*. Dkt. 57. Ms. Rhodes argues that she establishes extraordinary and compelling reasons for compassionate release because (1) she suffers from a number of health conditions; and (2) she is needed at home to provide care for her children and her mother. Dkt. 57 at 5. She has also requested the appointment of counsel. Dkt. 57 at 6. The United States opposes the motion, dkt. 62, and Ms. Rhodes has filed a reply brief, dkt. 68. Thereafter, Ms. Rhodes filed a motion for leave to file a supplemental reply, dkt. 69, and her supplemental reply, dkt. 70. The motions are now ripe.

## II.
## Discussion

### A.  Request for Counsel

Ms. Rhodes has requested the appointment of counsel to represent her in this matter. Dkt. 57 at 6. She states that she is in need of counsel so that the attorney can obtain verifying documentation and better advocate of her behalf. *Id.*

There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021).

Accordingly, Ms. Rhodes's request for the appointment of the federal public defender's office is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Ms. Rhodes is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (holding that, because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Ms. Rhodes has not indicated whether she has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that she has not made a reasonable effort to recruit counsel on her own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. For these reasons, Ms. Rhodes has not shown that pro bono counsel should be recruited and her request for assistance with recruiting counsel must therefore be denied.

### B. Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are

applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Ms. Rhodes argues that she establishes extraordinary and compelling reasons for release because she is needed at home to provide care for her daughter, who is gravely ill, and her current caregiver, Ms. Rhodes's mother, is also facing serious issues which prevent her from being able to provide adequate childcare for Ms. Rhodes's daughter. Dkt. 57-1 at 5. The United States Sentencing Guidelines permit a Court to find that an extraordinary and compelling reason for release exists where the defendant has met her burden to show "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). The Court will assume without deciding that Ms. Rhodes has met the conditions of this provision and extraordinary and compelling reasons for her release exist.[1]

---

[1] Because the Court assumes without deciding that there are extraordinary and compelling reasons to release Ms. Rhodes based on her family circumstances, the Court need not discuss whether Ms. Rhodes's remaining proffered reason for release in fact constitutes extraordinary and compelling reasons for her release.

However, the Court nevertheless finds that Ms. Rhodes is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in her favor.[2] Weighing in her favor, she has maintained employment through UNICOR while incarcerated and has obtained employment if released. Dkt. 57-1 at 2. She has also participated in extensive programming in the BOP. *Id.* Weighing against her, Ms. Rhodes committed a serious crime and has an extensive criminal history including eight prior felony convictions. Dkt. 44 at 9–16. The Court has serious concerns that Ms. Rhodes may simply resume her criminal behavior if released early because she committed this offense during her term of supervised release on her latest offense. Further, Ms. Rhodes has served less than half of her sentence and is not scheduled to be released from prison until October 2031; thus, releasing her now would be a substantial reduction in her sentence.

In light of these considerations, the Court finds that releasing Ms. Rhodes early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

---

[2] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### III.
### Conclusion

For the reasons stated above, Ms. Rhodes's motion for compassionate release, dkt. [57], and her request for the appointment of counsel are **denied**. Her motion for leave to file a supplemental reply, dkt. [69], is **GRANTED**.

**IT IS SO ORDERED.**


Date: 8/21/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


Distribution:

All Electronically Registered Counsel


Monisha Rhodes
Register Number: 17061-028
FCI Tallahassee
Federal Correctional Institution
P.O. Box 5000
Tallahassee, FL 32314