UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

MONISHA RHODES (01)

Case No. 1:21-cr-00258-JMS-TAB

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00258-JMS-TAB |
| | ) | |
| MONISHA RHODES, | ) | -01 |
| | ) | |
| *Defendant*. | ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Monisha Rhodes (01) has filed an untitled motion, treated by the Court as a Motion for Compassionate Release, [Filing No. 83], which is ripe for the Court's review.

## I.
## BACKGROUND

On September 8, 2021, Ms. Rhodes was charged by Indictment with two counts of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1); one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and one count of Possession of a Firearm as a Previously Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). [Filing No. 10.]

On October 25, 2022, Ms. Rhodes pled guilty to one count of Possession with Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 841(a)(1). [Filing No. 39.] On January 30, 2023, the Court sentenced Ms. Rhodes to 120 months' imprisonment, to be served consecutively to a 24-month sentence imposed on a supervised release violation in connection with another criminal case in which Ms. Rhodes is a defendant, 1:19-cr-00163-JMS-TAB-1, and followed by five years of supervised release. [Filing No. 51.]

Ms. Rhodes has filed an untitled motion which the Court treated as a Motion for Compassionate Release, [Filing No. 83], the Government has responded, [Filing No. 85], and Ms. Rhodes has filed a reply, [Filing No. 90]. Ms. Rhodes' Motion for Compassionate Release is now ripe for the Court's consideration.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exist and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling

reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

In support of her Motion, Ms. Rhodes argues that the Bureau of Prisons ("BOP") is withholding Federal Time Credits ("FTCs") that are due to her under the First Step Act by "illegally making [her] ineligible," and that she is owed "a credit of 365 days." [Filing No. 83 at 1.]

The Government argues in its response that Ms. Rhodes' request regarding receiving her FTCs is not properly brought through a motion for compassionate release, but instead she must file a habeas corpus petition under 28 U.S.C. § 2241. [Filing No. 85 at 11.] It notes that a § 2241 petition must be filed in the district where Ms. Rhodes is incarcerated, which is the Northern District of West Virginia. [Filing No. 85 at 11-12.]

In her reply, Ms. Rhodes states that she "did not request compassionate release, and is not relying on extraordinary and compelling reasons," but rather wants the Court to "order restoration of First Step Act time credits." [Filing No. 90 at 1.]

No matter how the Court characterizes Ms. Rhodes' motion, it fails. First, to the extent that Ms. Rhodes is requesting compassionate release – and it does not appear that she is – her argument relating to her FTCs is not properly brought through a motion for compassionate release and is not an extraordinary and compelling reason for release, whether considered alone or in combination with any other reason. Rather, Ms. Rhodes must challenge the BOP's alleged withholding of her FTCs through a petition filed pursuant to 28 U.S.C. § 2241. *See, e.g.*, *Setser v. United States*, 566 U.S. 231, 244 (2012).

Second, even if the Court were to construe Ms. Rhodes' motion as a petition under § 2241, it would be denied because Ms. Rhodes must bring a § 2241 petition in the district in which she is incarcerated – which is the United States District Court for the Northern District of Florida, because Ms. Rhodes is currently being housed at FCI Tallahassee in Tallahassee, Florida.[1] *See Chazen v. Marske*, 938 F.3d 851, 860 (7th Cir. 2019) ("[I]t is well-established that if relief under § 2241 is available at all, it must be sought in the district of incarceration.").

In sum, the Court **DENIES** Ms. Rhodes' Motion requesting that the Court order the BOP to restore her FTCs, no matter how her motion is characterized.[2] [Filing No. 83.]

**III.**
**CONCLUSION**

For the reasons stated above, Ms. Rhodes' Motion for Compassionate Release, [83], is **DENIED**.

Date: 10/1/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

[1] When the Government filed its response to Ms. Rhodes' Motion for Compassionate Release and she filed her reply, Ms. Rhodes was being housed at SFF Hazelton in Bruceton Mills, West Virginia. But according to the BOP's Inmate Locator, Ms. Rhodes has since been transferred to FCI Tallahassee. https://www.bop.gov/inmateloc/.

[2] Although Ms. Rhodes does not discuss her family circumstances in her Motion, she attaches two letters that outline the effects that her incarceration is having on her family – one from Fletcher Triplett, who identifies himself as the CEO of Mackida Loveal and TRIP Outreach Center, and one from Tracey Young, who identifies herself as a Youth Advocate with the Youth Advocate Program. [Filing No. 83-1.] Ms. Rhodes has waived any argument related to her family circumstances because she does not discuss this argument in her briefs and, consequently, it is undeveloped. *See Jackson v. City of Madison*, 176 F.4th 1005, 1016 (7th Cir. 2026) (undeveloped arguments are waived).

**Distribution via ECF to all counsel of record**

**Distribution via United States Mail to:**

Monisha Rhodes
#17061-028
FCI Tallahassee
Federal Correctional Institution
P.O. Box 5000
Tallahassee, FL 32314